**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**STEVEN TAQUAN WILLIAMS, #1490216**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:22cv95**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

**Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Steven Taquan Williams's ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 15. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(j). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 15, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2015, Petitioner pleaded guilty before the Circuit Court for the City of Norfolk ("the Trial Court") to the following offenses: first degree murder; armed statutory burglary; shooting into an occupied swelling, with malice; use of a firearm in commission of a

felony; and possession of a firearm by a nonviolent felon. ECF No. 17, attach. 2 at 1. The Trial Court sentenced Petitioner to an active term of forty-seven years in prison. ECF No. 17, attach. 1 at 2–4. Petitioner did not file a direct appeal.

On January 10, 2019, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia (the "State Habeas Petition"). ECF No. 17, attach. 3. In his State Habeas Petition, Petitioner argued: (1) "Trial counsel was ineffective for failing to consult with petitioner and prepare a defense"; and (2) "Trial [c]ounsel was ineffective for failing to file motions challenging the admissibility of the commonwealth evidence [sic]." *Id.* at 9–10. The Supreme Court of Virginia dismissed the State Habeas Petition on August 2, 2019, on the grounds that Petitioner "failed to demonstrate counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different." ECF No. 17, attach. 4 at 2–4.

Petitioner filed the instant Petition for habeas corpus pursuant to 28 U.S.C. § 2254 on March 3, 2022, arguing the following grounds for relief[1]:

> Claim One: The Petitioner's guilty plea was involuntary and unintelligent because it was "violative of Virginia Supreme Court Rule 3A:8, when the written plea agreement contained at least two different allegations he did not know pended before the Circuit Court of the City of Norfolk in Case Nos. CR15-2012-[00] . . . . . Indictment for Second Degree Murder, not first-degree murder of Chastity Parker pursuant to a written plea agreement and in violation of Va. Code §§ 18.2-32, and possession of a firearm by a convicted felon in CR15-2612-[02], not possession of a firearm by a nonviolent felon within 10 years, in violation of Va. Code § 18.2- 308.2 pursuant to a written plea agreement. ECF No. 1 at 1 (ellipses and brackets in original).
>
> Claim Two: "[T]he petitioner had no knowledge he waived an arraignment and had not had an arraignment [or] tendered pleas of guilty to second or

[1] The Court adopts Respondent's interpretation of Petitioner's claims for relief, as set forth in Respondent's brief in support of the Motion to Dismiss—which Petitioner did not oppose. ECF No. 17 at 2–3.

first degree murder. And petitioner having been misadvised by attorney Eric Korslund, and the attorney for the Commonwealth, Charlotte H. Purkey that there had been a plea agreement in those cases which were not filed therein and where [the trial court] had not heard evidence of second or first degree murder." ECF No. 1 at 2.

Claim Three: Ineffective assistance of counsel based on the grounds that counsel:

(a) Failed to consult with Petitioner and prepare a defense. ECF No. 1 at 2;

(b) Failed to discuss with Petitioner "potential defenses to the lesser degrees of first degree murder and failed to advise the petitioner that all murder in Virginia is second degree murder, until you add the essential elements of willful, deliberate and premeditated act, for which the petitioner had not been arraigned. ECF No. 1 at 2;

(c) Failed to prepare for trial. ECF No. 1 at 2–3, 11;

(d) Failed to advise Petitioner regarding his right to a preliminary hearing. ECF No. 1 at 4;

(e) Failed to seek appointment of a mental health expert. ECF No. 1 at 4, 11;

(f) Failed to advise the petitioner regarding his right to a jury trial. ECF No. 1 at 4;

(g) Failed to object to the warrants and indictments on the ground that they failed to show "jurisdiction" and "any written charge to state an offense[.]" ECF No. 1 at 5;

(h) Failed to file motions challenging the admissibility of the Commonwealth's evidence and file other pre-trial motions. ECF No. 1 at 5–10.

On February 22, 2023, Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a brief in support of the Motion to Dismiss. ECF Nos. 12–14. Petitioner did not file a response. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

*1. Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09cv41, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. 2:09cv41, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA further contains a statutory tolling provision: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions, such as the instant Petition, are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest

state court's decision by the Supreme Court of the United States. 28 U.S.C. § 2244(d)(1)(A). The federal one-year statute of limitations is tolled during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2).

2. *The Petition is untimely.*

In the instant matter, the Trial Court sentenced Petitioner on January 20, 2017. ECF No. 17, attach. 1 at 1. Petitioner had thirty days to file an appeal with the Court of Appeals of Virginia. Va. Code Ann. § 8.01-675.3. Petitioner did not do so, and therefore his conviction became final for purposes of federal habeas review on February 20, 2017, thirty days after his sentencing date. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired) (citing 28 U.S.C. § 2244(d)(1)(A)). Accordingly, Petitioner's one-year federal statute of limitations began running on February 20, 2017, and expired on February 20, 2018. Petitioner filed the instant Petition on March 3, 2022, which is four years and eleven days beyond the one-year deadline provided by the AEDPA. ECF No. 1. Unless Petitioner is entitled to application of either statutory tolling or equitable tolling, the untimeliness of the Petition bars this Court's review of the same.

3. *Petitioner is not entitled to statutory tolling.*

As explained in Part II.A.1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one-year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) are

unavailable to Petitioner because his State Habeas Petition, filed on January 10, 2019, was not pending before his federal statute of limitations expired on February 20, 2018. *Ridley v. Clarke*, No. 2:10cv387, 2011 WL 796671, at *3 (E.D. Va. Jan. 13, 2011) ("Petitioner filed his habeas with the Virginia Supreme Court after the statute of limitations under the AEDPA for Petitioner's federal habeas had already expired. Therefore, Petitioner cannot claim any benefit from statutory tolling."), *report and recommendation adopted*, 2011 WL 796967 (E.D. Va. Feb. 28, 2011).

Having determined that statutory tolling is unavailable to Petitioner, the undersigned considers Petitioner's final refuge: equitable tolling.

4. *Petitioner is not entitled to equitable tolling.*

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid*, 2018 WL 1937349, at *3 (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner does not offer any reason why the instant Petition was not timely filed. Petitioner generally states he brought his petition "within one-year after the cause accrued" but does not explain how that is the case. ECF No. 1 at 12. Petitioner does not provide any details about what steps he took to diligently pursue his federal habeas claim, why the details of his claim accrued within a year of filing his petition, or otherwise allege any extraordinary circumstance that warrants equitable tolling. *See generally* ECF No. 1 at 1–12. Nor did Petitioner file a response to Respondent's motion to dismiss to explain why he should be entitled to equitable tolling.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to be applied only in rare circumstances. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("We believe, therefore that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Ultimately, Petitioner has failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014).

Therefore, the undersigned finds that Petitioner is not entitled to equitable tolling, and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

## III. RECOMMENDATION

Because the Petition is untimely pursuant to AEDPA and Petitioner is not entitled to either statutory or equitable tolling, the undersigned **RECOMMENDS** that Respondent's Motion to

Dismiss, ECF No. 15, be **GRANTED** on the basis of Respondent's timeliness argument, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings of recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert denied* 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
**Lawrence R. Leonard**
**United States Magistrate Judge**
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 7, 2023